UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARVIN NYSYS**,

      Petitioner,

v.                                                             **CIVIL NO. 04-0269 WJ/RHS**

**STATE OF NEW MEXICO,**
**RICHARD E. JOLICOEUR, and**
**ALFREDO CAMPOS O.I.C.**

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent State of New Mexico's Motion to Dismiss filed April 19, 2004 [Doc. No. 10]. Petitioner has not responded to the motion. The United States Magistrate Judge, having considered the motion together with the pleadings on file in the above captioned cause and being otherwise fully advised in the premises, finds that the Motion to Dismiss is well taken and recommends that it be granted. The Court, *sua sponte*, also finds that this Court lacks jurisdiction to consider the claims against Jolicoeur and Campos and recommends that those claims be dismissed without prejudice.

### PROPOSED FINDINGS

1. Petitioner, Myron Nysys, was convicted of aggravated stalking in the Second Judicial District Court, County of Bernalillo, State of New Mexico in case No. CR 98-1385. The Judgment, Sentence and Commitment was filed on January 13, 1999.

2. The New Mexico Court of Appeals affirmed his conviction on September 24, 2001 (Answer, Ex. B through K).  Petitioner sought a writ of certiorari in the New Mexico Supreme Court which was denied on November 19, 2001.  (Answer, Ex. M though O).

3. While his appeal was pending, Petitioner served his sentence in the custody of the State of New Mexico and was released on parole on September 30, 1999.  He was paroled to the custody of the INS.

4. Petitioner filed an application for a writ of habeas corpus in the state court on April 3, 2002 which was denied on April 23, 2002 and a second habeas petition on November 26, 2003 which was denied on December 5, 2003. (Answer Ex. Q through T). Petitioner did not seek certiorari review in the New Mexico Supreme Court on either petition.

5. Petitioner filed his federal habeas case pursuant to 28 U.S.C. § 2254 and §2241 on March 10, 2004. He is proceeding *pro se* and *in forma pauperis*.

6. The State of New Mexico moves to dismiss the petition on the grounds that the petition is time barred.  Alternatively, the state argues that this Court lacks jurisdiction to grant the writ because Petitioner is not in state custody.  It also contends that Petitioner failed to exhaust his state court remedies because he did not seek certiorari review of the district court's denial of his state habeas corpus petitions.

7. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U. S. C. § 2244( d)), amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. AEDPA became effective on April 24, 1996. See United States v. Simmonds, 111 F. 3d 737, 745 n. 10 (10th Cir. 1997). AEDPA applies to all cases filed after that date. See Lindh v.Murphy, 521 U. S.

320 (1997).  This period of limitations runs from the latest of four possible dates:  (A) the date on which the judgment of conviction became final; (B) the date on which the impediment to making a section 2254 motion created by governmental action in violation of the Constitution or United States law is removed; (C) the date on which the right asserted by the movant was initially recognized by the United States Supreme Court (if said right is newly recognized by the Court and made retroactively applicable to cases on collateral review); or (D) the date on which the facts supporting the asserted claim could have been discovered through the exercise of due diligence.  28 U. S. C. §2244 (d)( 1).

    8.  Petitioner's state court judgment became final on November 19, 2001, the date the New Mexico Supreme Court denied his petition for writ of certiorari in his direct appeal.  Adding ninety days during which Petitioner could have petitioned the Supreme Court of the United States, the one-year limitations period began to February 17, 2002. See Locke v Saffle, 237 F. 3d 1269, 1273 (10th Cir. 2001); Rhine v. Boone, 182 F. 3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U. S. 1084 (2000). Thus, absent tolling, his federal petition would have been due on February 18, 2003.  (February 16, 2003 was a Sunday and February 17, 2003 was a holiday). See Haney v. Addison, 175 F. 3d 1217, 1220 (10th Cir. 1999) (the relevant date for filing is the last day before the anniversary date in calculating timeliness of habeas petition).

    9  The AEDPA limitations period is tolled  for any time during which Nysus had pending a properly filed application for State post-conviction or other collateral review. 28 U. S. C. § 2244( d); Hoggro v. Boone,150 F. 3d 1223, 1226 (10th Cir. 1998).  Petitioner's first state court habeas petition was pending for twenty days, from April 3, 2002 to April 23, 2002 and  the time limitation for filing a petition under 28 U.S.C.§§2241 and 2254 was tolled for that time period.

The time during which the second state habeas petition was pending cannot be added onto the tolling period because it was filed after the limitations period had already expired.

    10.   Petitioner filed the instant petition on March 10, 2004.  Adding the twenty days the first habeas petition was pending to AEDPA limitations period results in a filing deadline of March 10, 2003.  Petitioner exceeded the AEDPA limitations period by one year.

    11.   The one-year statute of limitations may be equitably tolled when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir.), cert. denied, 531 U. S. 1194 (2001).  Equitable tolling is appropriate only in rare and exceptional circumstances. Gibson v. Klinger,  232 F. 3d 799, 808 (10th Cir. 2000).

    12.   Petitioner has not responded to the Motion to Dismiss and has not brought forth any facts in his petition or correspondence which would support the doctrine of equitable tolling. See, Miller v. Marr, 141 F. 3d 976, 978 (10th Cir. 1998), cert. denied, 525 U. S. 891 (1998). Because Petitioner has failed to demonstrate that he diligently pursued his claims and that his failure to timely file was caused by extraordinary circumstances beyond his control, he has not met his burden of showing that equitable tolling should be applied. Accordingly, federal review of the present petition is barred because it is untimely.  Given the Court's recommended disposition of the timeliness issue, it is unnecessary for the Court to address the state's alternative arguments in support of its motion to dismiss.

    13.   Although the Petition also names Richard E. Jolicouer, Interim Director Detention and Removal, and Alfredo Campos as respondents and states that INS illegally held petitioner in custody and illegally proceeded with a deportation order, it appears to the Court that the actual

claims being made by the *pro se* Petitioner involve only the constitutionality of the state's actions in resolving the underlying felony conviction. If Petitioner is attempting to state a separate claim against Jolicouer and Campos (rather than simply naming them as custodians), the primary claim alleged by Nysus' § 2241 petition appears to be that the immigration judge erred when he found Petitioner to be an alien who committed an aggravated felony.

14. A federal court is under a continuing duty to determine its jurisdiction over any matter. The Court therefore, *sua sponte*, has evaluated whether this action is properly brought against Jolicoeur and Campos in the District of New Mexico.

15. In 1996, AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act ( IIRIRA) substantially revamped the Immigration and Nationality Act ( INA), but these revisions did not remove the District Courts' habeas corpus jurisdiction under 28 U. S. C. § 2241 to hear cases challenging removal determinations on constitutional grounds. INS v. St. Cyr, 533 U. S. 289, 121 S. Ct. 2271 (2001); Jurado-Gutierrez v. Greene, 190 F. 3d 1135, 1140 (10th Cir. 1999). However, the district court's habeas jurisdiction extends only to constitutional or statutory challenges. Aguilera v Kirkpatrick, 241 F. 3d 1286, 1291 (10th Cir. 2001). Review of factual issues by the district court is prohibited in a § 2241 habeas case; such questions must be brought on direct review in the Court of Appeals. Bowrin v. INS, 194 F. 3d 483, 490 (4th Cir. 1999); Galaviz-Medina v. Wooten, 27 F. 3d 487, 491 (10th Cir. 1994) (the right to collateral attack by habeas petition does not confer the right to a full review in district court of a BIA deportation decision).

16. In general, a prospective deportee seeking judicial review of a removal decision must file a petition for review in the United States Court of Appeals for the circuit in which the

immigration judge completed the proceedings. 8 U. S. C. §1252( b)( 2). The immigration proceedings in this case took place in Texas. Because the immigration judge's finding with regard to Petitioner's commission of an aggravated felony is a factual question, jurisdiction lies with the U. S. Court of Appeals for the Fifth Circuit, not the district court.

17. Furthermore, § 2241 petitions must be brought in the district where the prisoner is confined. Bradshaw v. Story, 86 F. 3d 164, 166 (10th Cir. 1996). At the time the instant petition was filed, Petitioner was confined in El Paso, Texas. Any constitutional questions which could properly be considered by the district court were previously transferred to the Western District of Texas in Nysys v. Ashcroft, Civ. No. 02-1061 JP/RHS.

18. On June 7, 2004, the Court received a letter from Petitioner indicating that his new address is in Trinidad, W.I. If Petitioner has been released from detention and removed to Trinidad, a favorable judicial decision would be unlikely to redress actual injury traceable to his detention and any challenge to the legality of his period of detention may be moot. See e.g. Riley v. INS, 310 F. 3d 1253, 1257 (10th Cir. 2002); Sule v. INS, 189 F. 3d 478 (Table, Text in Westlaw), 1999 WL 668716 at *1 (10th Cir. July 22, 2002). In any event, this court lacks jurisdiction to address Petitioner's claims against Respondents Jolicoeur and Campos and the Magistrate Judge therefore recommends that they be dismissed without prejudice.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent State of New Mexico's Motion to Dismiss (Doc. No. 10) be GRANTED and that the Petition for a Writ of Habeas Corpus directed to the state respondent be DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER RECOMMENDED that any remaining claims against Respondents


Jolicouer and Campos be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U. S. C. §636 (b)( 1). A party must file any objections within the ten (10) day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE